Dear Commissioner Pelzer:
This opinion letter is in response to a request submitted by your predecessor in office, as follows:
 Providing that the duties of the city office are not in conflict with his duties as a state employee, may an employee of the State of Missouri who is covered under the provisions of Section 36.150.5 RSMo be a candidate for nomination or election to an elective city office of the City of Jefferson, Missouri without resigning or obtaining a regularly granted leave of absence?
Section 36.150, RSMo Supp. 1981, provides, in pertinent part:
 5. No employee selected under the provisions of this law shall be a member of any national, state, or local committee of a political party, or an officer of a partisan political club. He shall take no part in the management or affairs of any political party or in any partisan political campaign. No such employee shall be a candidate for nomination or election to any partisan public office or nonpartisan office in conflict with his duties except he resign, or obtain a regularly granted leave of absence, from his position. [Emphasis added.]
Thus, your question requires a determination of whether an elective city office in Jefferson City is a "partisan" office or a "nonpartisan" office.
You have enclosed a copy of Ordinance No. 9715 of the City of Jefferson, Missouri, relative to city elections, which was approved by the mayor on December 21, 1981. Section 14-12, pertaining to the nomination of candidates, provides that a candidate for city office may designate on the nominating petition an affiliation or membership in any political party organized or recognized under the laws of the State of Missouri. If a candidate does not desire to so designate a membership in a political party, he may set out on the nominating petition that he seeks office as an independent. That section further provides that every candidate for city office, excluding candidates for membership to the city committee of any political party and independent candidates, shall pay to the treasurer of the city committee of the party of which the candidate is affiliated the sum of $5.00 and take a receipt therefor. Section 14-17 provides that should the candidate designate a membership in a political party, or an independent status, the designation shall appear on the ballot in an unabbreviated form next to the candidate's name.
We observe that for purposes of the Comprehensive Election Act of 1977, Chapter 115, RSMo, the term "nonpartisan" is defined to mean "a candidate who is not a candidate of any political party and who is running for an office for which party candidates may not run." Section 115.013(16), RSMo Supp. 1981.
We believe that the term "nonpartisan office" as used in Section 36.150.5 means an office for which candidates may not run by political party affiliation and, conversely, the term "partisan public office" as used therein means an office for which candidates may run by political party affiliation.
Therefore, it is our view that the elective city offices in Jefferson City are "partisan public offices" and are not "nonpartisan offices" within the meaning of Section 36.150.5, and that a merit system employee who becomes a candidate for any such elective city office, whether as a candidate with party affiliation or as an independent candidate, will be in violation of Section 36.150.5 unless he resigns or obtains a regularly granted leave of absence from his position.
Very truly yours,
 JOHN ASHCROFT Attorney General